LETTS, Judge,
specially concurring.
I find myself in sympathy with the philosophy articulated by Judge Anstead in his dissent, and particularly with the quoted views attributed to Judge Schwartz. Indeed, his dissent causes me a certain amount of ironic deja vu inasmuch as I wrote DeCamp v. Hein, 541 So.2d 708 (Fla. 4th DCA), rev. denied, 551 So.2d 461 (Fla.1989), to which Judge Anstead dissented. However, this case differs from DeCamp because the record contains credible evidence that the mother may have been vindictive by unreasonably shutting out the father from certain aspects of the children’s lives in which he is obviously entitled to participate.
*322 For example, there is evidence that the mother did not disclose the identity of the children’s medical doctors to the father and even failed to list him on important documents like school and medical forms. The father did not even have an address or telephone number through which he could communicate with his own children. The mother also excluded him from the general decision-making process, such as the children’s religious upbringing, education, and medical care. Also, there is evidence that she destroyed, or otherwise got rid of, certain toys and items of sentimental value given to the children by the father.
The mother claims that her proposed move was well-intentioned, but her behavior is susceptible to a contrary view. The record discloses that the mother was literally loading her and the childrens’ belongings, into a moving van when she was served with a temporary restraining order. At that time, she had not filed a petition with the court to allow the move. It is true that the property settlement agreement, approved by the trial court, did not explicitly bar relocation. However, it was implied, because the father was entitled to visit with the children two weekends per month under the agreement. As a practical matter, taking up residence in New Mexico made such visitation impossible. Such conduct reflects a disregard for the provisions of the settlement agreement incorporated in the final judgment which, in turn, casts doubt on whether the mother would comply with future court orders if permitted to move outside the State of Florida.
It is true the mother has agreed to absorb up to one-half of the cost of transporting the children to and from visitation with their father, provided child support is not abated during summer vacation with him. However, no testimony was presented about the abilities of the parties to finance this long distance visitation. Travel between Florida and New Mexico is not cheap.
In view of all the circumstances, I cannot conclude, given competent and substantial evidence in the record, that this much-respected trial judge abused his Canakaris discretion. There is evidence to support his finding that the best interests of the children required their continued presence in Florida and that there were insufficient reasons to modify the property settlement agreement.